UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SENATOR JAMES EMMANUEL NUQUAY, :
SENATOR OF MARGIBI COUNTY, REPUBLIC :
OF LIBERIA IN HIS PERSONAL CAPACITY AND :
IN HIS OFFICIAL CAPACITY AS SENATOR OF :     1:24-cv-00656 (ALC)
THE REPUBLIC OF LIBERIA; RUTHTORIA :
BROWN NUQUAY; AND RSN, THE MINOR :     **OPINION AND ORDER**
DAUGHTER OF SENATOR NUQUAY, :
                                                      *Plaintiffs*, :
     -against- :
ANTONY BLINKEN, THE 71ST SECRETARY OF   x
STATE OF THE UNITED STATES OF AMERICA
IN HIS OFFICIAL CAPACITY AS SECRETARY
OF STATE; CATHERINE RODRIGUEZ, CHARGÉ
D' AFFAIRES REPUBLIC OF LIBERIA IN HER
OFFICIAL CAPACITY AS CHARGÉ D' AFFAIRES
REPUBLIC OF LIBERIA; AND THE UNITED
STATES DEPARTMENT OF STATE, AN AGENCY
OF THE UNITED STATES GOVERNMENT; THE
UNITED STATES PERMANENT MISSION TO
THE UNITED NATIONS, AN AGENCY OF THE
DEPARTMENT OF STATE WITH AN ADDRESS
OF: 799 UNITED NATIONS PLAZA
NEW YORK, NEW YORK 10017,

                                                     *Defendants*.
---------------------------------------------------------------------

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiffs Senator Emanuel Nuquay ("Senator Nuquay"), Ruthtoria Brown Nuquay, and RSN, the minor daughter of Senator Nuquay (together "Plaintiffs") filed a complaint against Defendants Antony Blinken, Catherine Rodriguez, United States Department of State, and United States Permanent Mission to the United States (together, "Defendants"). ECF No. 1. Plaintiffs challenge the Secretary of State's determination under § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act, 2023 (Div. K, P.L. 117-

328), as carried forward by the Continuing Appropriations Act, 2024 (Div. A, P.L. 118-15) ("§ 7031(c)") that designate Plaintiffs as ineligible to enter the United States. Defendants move to dismiss this action pursuant to Federal Rules of Civil Procedure Rules ("FRCP") 12(b)(1) or 12(b)(6) on the grounds that § 7031(c) determinations are not subject to judicial review. For the reasons set forth below, Defendants' motion to dismiss is hereby **GRANTED**.

## BACKGROUND

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Complaint. ECF No. 1. According to the complaint, Senator James Emmanuel Nuquay serves in the Liberian Senate. The United States banned his visa, barring him from entering the United States pursuant to § 7031(c) of the Department of State, Foreign Operations, and Related Programs Appropriations Act ("Appropriations Act"). *Id*. ¶¶ 1-2, 14. Section 7031(c) provides that officials of foreign governments and their immediate family members are ineligible for entry into the United States if the Secretary of State has credible information that those individuals have been involved in significant corruption or a gross violation of human rights. *See* § 7031(c)(1)(A). § 7031(c)(2), however, provides exceptions and waivers that designated individuals shall not be ineligible if entry into the United States would further important United States law enforcement objectives or if the travel is necessary for the United States to comply with the U.N. Headquarters Agreement. Section 7031(c)(3) provides that the Secretary may waive ineligibility if the Secretary determines that the waiver would serve a compelling national interest or that the circumstances which caused the individual to be ineligible have changed sufficiently. ECF No. 19 at 1.

On December 12, 2023, pursuant to § 7031(c), the State Department publicly designated

Senator Nuquay and other Liberian officials for "involvement in significant corruption by abusing their public positions through soliciting, accepting, and offering bribes to manipulate legislative processes and public funding, including legislative reporting and mining sector activity." ECF No. 1. At 3; *see also* ECF No. 19 at 2. Despite the State Department's sanction, Plaintiffs argue that Senator Nuquay was required to attend meetings and events at the United Nations headquarters during the annual United Nations General Assembly in New York. According to Senator Nuquay's application for emergency relief, the Senator sought to travel the United States to attend certain meetings at the United Nations General Assembly. *See* Affidavit of Senator James Emmanuel Nuquay in Support of Order to Show Cause, ECF No. 15, ¶ 8.

## PROCEDURAL HISTORY

On January 30, 2024, Plaintiffs filed the original Complaint in this action. ECF No. 1. On September 19, 2024, Plaintiffs filed an Order to Show Cause seeking emergency relief and to enjoin the visa ban to allow Senator Nuquay to visit the United Nations headquarters for the purpose of conducting official meetings as part of his obligations as a government official of Liberia. ECF Nos. 13-15. On September 27, 2024, Defendants filed a letter indicating their intent to file a motion to dismiss the Complaint. ECF No. 19. On September 30, 2024, the Plaintiffs filed a response to the Defendant's letter. ECF No. 20.

On October 11, 2024, this Court directed the parties to indicate whether they wish to deem their previous letter motions and reply as the motion to dismiss and the opposition respectively. On October 15, 2024, the parties indicated that they did not wish to engage in more formal briefing. ECF No. 27. On October 16, 2024, Plaintiff filed a supplemental letter regarding the ICCPR. ECF No. 29. The Court considers this matter fully briefed.

**LEGAL STANDARD**

When considering a motion to dismiss under FRCP 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). Both a lack of standing and a failure to exhaust administrative remedies constitute jurisdictional defects and may be addressed through a Rule 12(b)(1) motion. *See Tasini v. New York Times Co.*, 184 F.Supp.2d 350, 355 (S.D.N.Y.2002) ("An objection to standing is properly made on a Rule 12(b)(1) motion"); *Johnson v. Benheim*, 2001 WL 799569 at *4 (S.D.N.Y. July 13, 2001) ("Failure to exhaust administrative remedies permits a court to dismiss the action because no subject matter jurisdiction exists."). In resolving a Rule 12(b)(1) motion, the Court may consider evidence outside of the pleading to determine whether a plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008).

Under FRCP 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663. Indeed, deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

This Court finds that § 7031(c) determinations are not subject to judicial review. Indeed, the Supreme Court "ha[s] long recognized the power to ... exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (citation omitted*); see also Trump v. Hawaii*, 585 U.S. 667, 702 (2018) (stating that Congress and the executive branch control the admission and exclusion of foreign nationals). Immigration policy and the decision to admit or exclude aliens implicate "the conduct of foreign relations, the war power, and the maintenance of a republican form of government." *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–89 (1952). In accordance with these general principles, the doctrine of consular nonreviewability prevents a federal court from second-guessing a United States consular officer's decision to issue or withhold a visa. *Am. Acad. of Religion*, 573 F.3d at 123.

The Second Circuit has stated that the doctrine of consular nonreviewability implicates "jurisdiction." *See Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("[N]o jurisdictional basis [exists] for review of the action of the American Consul ... suspending or denying the issuance of immigration visas ...."). Nonetheless, subject matter jurisdiction exists over certain claims regarding consular action under 28 U.S.C. § 1331, the federal question statute. *See Am. Acad. of Religion*, 573 F.3d at 123. "[T]he Second Circuit has expressed doubt as to whether the doctrine rests on a lack of 'subject matter jurisdiction' in a formal sense, and has instead suggested that it may involve a withdrawal of such jurisdiction or even prudential concerns." *Gogilashvili v. Holder*, 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012) (citing *Am. Acad. of Religion*, 573 F.3d at 123); *see Anupama Deupathy Hettiarachchige v. Bitter*, 2022 WL 17738771, at *2 (S.D.N.Y. Dec. 16, 2022) ("The Second Circuit has not been clear as to whether consular nonreviewability is a jurisdictional question or a prudential consideration."); accord *Abdo v. Tillerson*, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019). Whatever the basis, the doctrine "precludes judicial review of 'a consular officer's decision to deny a visa.'" *Asmah v. US Consulate Accra Ghana*, 2016 WL 2993203, at *2 (S.D.N.Y. May 23, 2016) (quoting *Lleshi v. Kerry*, 127 F. Supp. 3d 196, 199 (S.D.N.Y. 2015)).

The Second Circuit has also maintained that it is appropriate to dismiss a case on justiciability grounds without reaching the issue of subject matter jurisdiction. *See Can v. U.S., 14 F.3d 160*, 162 n.1 (2d Cir. 1994) ("[W]here, as appears to be true here, justiciability may be a less knotty question than [subject matter] jurisdiction, we think it not inappropriate to begin by examining that question."). Given the view that the consular nonreviewability doctrine rests on "justiciability" concerns, see, e.g., *Bamdad v. U.S. Dep't of State et al.*, 2024 WL 1462948, at *3

(W.D. Tex. Feb. 9, 2024) ("consular nonreviewability applies and makes this action non-justiciable"); *see also Trump v. Hawaii*, 585 U.S. 667, 682 (2018) (equating consular nonreviewability with justiciability), this Court concludes that review of the claim here would not implicate subject matter jurisdiction. Courts have dismissed claims raising the doctrine pursuant to Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1). *Tharmabalan v. Blinken*, No. 23 CIV. 3539 (GWG), 2024 WL 1841273, at *4 (S.D.N.Y. Apr. 29, 2024).

Here, challenges to Plaintiffs' designation under § 7031(c) is non-justiciable under the consular nonreviewability doctrine. Courts do not adjudicate the government's decision to exclude or deny a visa to a specific individual unless Congress has specifically authorized judicial review. ECF No. 23 at 12 (citing *Doshi v. Blinken*, No. CV 23-3613 (RC), 2024 WL 3509486, at *4 (D.D.C. July 22, 2024)). Notably, a § 7031(c) determination is not itself a grant or denial of a visa but rather designates individuals as "ineligible for entry into the United States," and thus ineligible for a visa unless one of the Section's waivers or exceptions applies. § 7031(c)(1)(A) and § 7031(c)(2), (3). Plaintiff concedes that Senator Nuquay has not and cannot apply for a visa. ECF No. 24 at 3.

The Plaintiff relies on *U.S. v. Palestine Liberation Organization* ("*PLO*") to argue that the United States may not bar nor impede Senator Nuquay's entry to the United Nations headquarters to conduct business that he must perform as part of his official duties as Senator of the Republic of Liberia because it conflicts with the U.N. Headquarters Agreement. 695 F. Supp. 1456, 1465-67 (S.D.N.Y. 1988). This argument is inapplicable to our justiciability analysis. In *PLO*, the Court considered whether the recently enacted Anti-Terrorism Act conflicted with the U.N. Headquarters Agreement. In *PLO*, the government sought to use the Anti-Terrorism Act to

7

close the PLO's office, an office established in conjunction with its work as a Permanent Observer to the United Nations. The Court held that the Anti-Terrorism Act could not be interpreted in a way that conflicted with the U.N. Headquarters Agreement, a valid, outstanding treaty obligation. *Id*. at 1471.

Here, Senator Nuquay cannot argue that § 7031(c) conflicts with the U.N. Headquarters Agreement because there is an express exception provision that expressly states that "Individuals shall not be ineligible for entry into the United States…if such entry would further important United States law enforcement objectives or is necessary to permit the United States to fulfill its obligations under the United Nations Headquarters Agreement. § 7031(c)(2). Although there is a process by which exceptions or waivers may be determined, the State Department has no record of Liberia or Senator Nuquay's submission of any application to invoke this exception. ECF No. 23 at 12.

Indeed, the non-reviewability of alien designation and exclusion is well established in this district. Where Congress has expressly prohibited judicial review of visa denials and revocations, this ultimately has the same effect as § 7031(c) designations. The language of § 7031 gives the Secretary of State the sole authority to determine whether an official has engaged in "significant corruption" and the ability to subsequently find that an official has become eligible again because of changed circumstances. § 7031(c). To date, Congress has also not provided for judicial review of visa denials for foreign nationals not physically present in the United States, and instead has placed sole discretion for such determinations in officials of the executive branch. *See*, e.g., 6 U.S.C. § 236(f); *see id*. §§ 236(b)(1), (c)(1). Therefore, the immigration laws preclude judicial review of the Plaintiffs' § 7031(c) designations.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** and the Complaint is **dismissed with prejudice** because it presents a non-justiciable question. The Clerk of Court is hereby directed to terminate ECF No. 19.

**SO ORDERED.**

Dated: February 7, 2025
      New York, NY

                               **ANDREW L. CARTER, JR.**
                               **United States District Judge**